

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-141-CR

JEFFREY L. VIAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jeffrey L. Vian entered an open plea of guilty to indecency with a child - contact. The trial court assessed his punishment at eight years' confinement.

Vian's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional

------------

[1] *See* Tex. R. App. P. 47.4.

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

evaluation of the record demonstrating why there are no arguable grounds for relief. Vian has filed a pro se brief in which he enumerates two potential sources of error.[3] In addition, the State has filed a letter brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Vian entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Vian's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, counsel's brief, Vian's pro se brief, and the State's letter brief. We agree that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App.

---

[3] Vian also filed a motion to strike counsel's brief. We deny his motion.

2

2005).  We therefore grant the motion to withdraw filed by Vian's counsel and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 19, 2009